**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION**

**TIMMATHY MOORE**                                                                    **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 5:26-CV-00001-JHM**

**RUSSELL COLEMAN, et al.**                                            **DEFENDANTS**

**MEMORANDUM OPINION**

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action.  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A.  For the reasons set forth below, the Court will dismiss this action.

**I.**

Plaintiff Timmathy Moore is confined at the Kentucky State Penitentiary (KSP).[1]  He sues Kentucky Attorney General Russell Coleman; Assistant Attorney General Zachary M. Zimmerer; KSP Warden Laura Plappert; KSP Deputy Warden Lauren Massey; and Ms. D. Knowth, Mail Room, KSP in their individual and official capacities.

Plaintiff alleges that he has issues "with my nuts/kidney/lungs," and that he is in pain due to the "gross negligence" at KSP in violation of the Eighth Amendment.  He alleges that Defendant Coleman is "stop[ping] me from getting help."  Similarly, Plaintiff alleges that Defendant Zimmerer is Coleman's "assistant" and, as such, "knows what is going on."  He further alleges that he believes KSP hacked the Attorney General, is committing forgery, misusing state property for personal use, and illegally engaging in "favors, bribes or loans inside a state government building."

---

[1] The complaint, on which Plaintiff indicates that he is both convicted inmate and pretrial detainee, is at times difficult to decipher.  The Court's recitation below represents its best effort in interpreting Plaintiff's factual allegations and claims.

Plaintiff alleges that Defendant Plappert is grossly negligent because she "is saying that I'm being treated but I'm not."  He further alleges that, "my nuts hurt and every time I say something they laugh about it so she knows I'm in pain but is not doing nothing" in violation of the Eighth Amendment.  Plaintiff alleges that Plappert allows her staff to do "whatever they want" and they are creating an unsafe environment for him at KSP.  Plaintiff repeats that unnamed individuals at KSP are hacking the computer systems of the Attorney General, courts, and other agencies.

Plaintiff claims that the Defendant Knowth went through his legal mail "without a warrant" on October 23, 2025 and November 13, 2025, in violation of the First and Fourteenth Amendments and various provisions of the Title 18 of United States Code.

Finally, Plaintiff alleges that he filed an appeal—presumably from a grievance determination—to Defendant Massey regarding his legal mail at KSP, but heard nothing back and was given the "runaround."

As relief, Plaintiff seeks monetary and punitive damages.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

2

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And a court is not required to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require a court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official-Capacity Claims

"[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff sues Defendants in their official capacities. The Defendants, who are employed by Attorney General's Office and the Kentucky Department of Corrections, are all state employees or officials. Claims brought against state employees in their official capacities are no different from a suit against the Commonwealth of Kentucky. *See Graham*, 473 U.S. at 166. When state officials are sued in their official capacities for damages, they are not "persons" subject to suit within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (concluding that a state, its agencies, and its officials sued in their official capacities for damages are not considered persons for the purpose of a § 1983 claim). Alternatively, state officials sued in their official capacities for damages are also absolutely immune from § 1983 liability under the Eleventh Amendment. *See Graham*, 473 U.S. at 169 ("This Eleventh Amendment bar remains in effect when State officials are sued for damages in their official capacity."). For these reasons, the Court will dismiss

4

Plaintiff's official-capacity claims for damages for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claims

### 1. Defendants Coleman, Zimmerer, and Plappert

To state a claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal,* 556 U.S. at 676.  The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors.  *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  "Because § 1983 liability cannot be imposed under a theory of respondeat superior, proof of personal involvement is required for a supervisor to incur personal liability."  *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005).  "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate."  *Bellamy*, 729 F.2d at 421.  The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act.  *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).

Plaintiff's allegations suggest that Defendants Coleman, Zimmerer and Plappert failed to investigate his Eighth Amendment claims arising out of his medical treatment at KSP and that Plappert failed to supervise the unnamed KSP personnel that engaged in the wrongdoing he alleges.  The allegations are insufficient to state a claim as they are based on these Defendants' failure to take action on his complaints and, with respect to Plappert, they are based on her supervisory authority.  *See, e.g.*, *Moniz v. Cox*, 512 F. App'x 495, 499 (6th Cir. 2013) (plaintiff's

5

§ 1983 claims against attorney general in his individual capacity failed to state a claim where he alleged only that defendant failed to investigate complaints of a corruption scheme and failed to supervise subordinate attorneys, but did not present any specific factual allegations how his constitutional rights were violated). Therefore, the allegations fail to state a claim against Coleman, Zimmerer, and Plappert and the claims against them will be dismissed.

### 2. Defendant Massey

With regard to Plaintiff's allegation that Defendant Massey failed to respond to his grievance appeal, this claim is subject to dismissal for two reasons. First, the Sixth Circuit has held that there is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). Additionally, his allegation fails to plead the requisite personal involvement described above. *Botello v. Tennessee Dep't of Corr.*, No. 3:18-CV-00549, 2018 WL 3818020, at *3 (M.D. Tenn. Aug. 10, 2018) ("[A] failure to take corrective action in response to an inmate grievance or complaint does not supply the necessary personal involvement for Section 1983 liability."). Thus, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

### 3. Defendant Knowth

Plaintiff alleges that Defendant Knowth, who apparently works in the mailroom of KSP, "went through" his legal mail "without a warrant" on October 23 and November 13, 2025.

"A prisoner's right to receive mail is protected by the First Amendment . . . ." *Sallier v. Brooks*, 343 F.3d 868, 873 (6th Cir. 2003), and this protection is heightened when the incoming mail is legal mail. *Id.* at 874. Prison officials may open and inspect a prisoner's "legal mail" only in the presence of the prisoner and "in accordance with appropriately drafted and uniformly applied regulations." *Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996) (citing *Wolff v. McDonald*,

6

418 U.S. 539 (1974)).  However, "[w]hile a prisoner has a right to be present when his legal mail is opened, an isolated incident of mail tampering is usually insufficient to establish a constitutional violation.  Rather, the inmate must show that prison officials 'regularly and unjustifiably interfered with the incoming legal mail.'"  *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (citation omitted); *see also Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003) ("[A] random and isolated incident [of mail interference] is insufficient to establish a constitutional violation."); *Rinehart v. Beck,* No. 5:09-CT-3019-D, 2011 WL 52360 (E.D.N.C. Jan. 5, 2011) ("Isolated incidents of mail mishandling do not rise to the level of a constitutional violation."); *Lloyd v. Herrington*, No. 4:11CV-P128-M, 2011 WL 6026661 (W.D. Ky. Dec. 2, 2011) ("Even if the Court interprets Plaintiff's complaint as alleging two instances of interference with his mail - one of the outgoing motion and one of his incoming piece of legal mail - the Court still finds that the two incidences taken together do not rise to a constitutional violation.").  Plaintiff's allegations support only isolated incidences of interference.  *See Martin v. Poulin*, No. 1:24-CV-1340, 2025 WL 262143, at *4 (W.D. Mich. Jan. 22, 2025) (dismissing First Amendment claim on initial review where plaintiff alleged only two incidents of mail interference).  Plaintiff's claim against Defendant Knowth will therefore be dismissed for failure to state a claim.

### C. Illegal Activity Claims

Finally, Plaintiff's allegations of forgery, misuse of state property for personal use, and a scheme of "favors, bribes or loans inside a state government building" at KSP are too vague and conclusory to state a claim.  *See Iqbal*, 556 U.S. at 678 (pleading not sufficient if it offers "'labels and conclusions' or if it tenders 'naked assertion[s]' devoid of further factual enhancement'") (quoting *Twombly*, 550 U.S. at 555, 557).

7

Additionally, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Saro v. Brown*, 11 F. App'x 387 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch."). To the extent he seeks to do so, Plaintiff cannot compel either state or federal authorities to criminally prosecute a KSP official because private citizens, whether or not they are incarcerated, have no right to compel the state or federal government to criminally prosecute another person. *Linda R.S.*, 410 U.S. at 619. The Court will dismiss any claims arising from these allegations for failure to state a claim upon which relief may be granted.

## IV.

For the foregoing reasons, the Court will enter a separate Order dismissing this action for failure to state a claim upon which relief may be granted.

Date:   July 9, 2026

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
4414.015

8